FILED
2014 Nov-24  PM 12:30
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **DOUGLAS BRENT THOMPSON,** | ) | |
| | ) | |
| **Claimant,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 2:14-CV-0337-CLS** |
| | ) | |
| **CAROLYN W. COLVIN, Acting Commissioner, Social Security Administration,** | ) ) ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION AND ORDER

Claimant, Douglas Brent Thompson, commenced this action on February 25, 2014, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner, affirming the decision of the Administrative Law Judge ("ALJ"), and thereby denying his claim for supplemental security income benefits.

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir. 1983).

Claimant contends that the Commissioner's decision is neither supported by substantial evidence nor in accordance with applicable legal standards.  Specifically, claimant asserts that the ALJ improperly considered the opinions of the consultative psychological examiner, improperly considered his subjective complaints of pain, and improperly evaluated his credibility.  Upon review of the record, the court concludes that these contentions are without merit, and the Commissioner's decision should be affirmed.

## A.    Consultative Examiner's Opinion

Social Security regulations provide that, in considering what weight to give *any* medical opinion (regardless of whether it is from a treating or non-treating physician), the Commissioner should evaluate:  the extent of the examining or treating relationship between the doctor and patient; whether the doctor's opinion can be supported by medical signs and laboratory findings; whether the opinion is consistent with the record as a whole; the doctor's specialization; and other factors.  *See* 20 C.F.R. § 404.1527(d).  *See also Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) ("The weight afforded a physician's conclusory statements depends upon the extent to which they are supported by clinical or laboratory findings and are consistent with other evidence as to claimant's impairments.").  Additionally, the ALJ is not required to accept a conclusory statement from any medical source that a

claimant is unable to work, because the decision whether a claimant is disabled is not a medical opinion, but is a decision "reserved to the Commissioner."  20 C.F.R. § 416.927(e).

Robert A. Storjohann, Ph.D., performed a consultative psychological examination on March 9, 2011.  Claimant reported feeling restless, fidgety, easily distracted, forgetful, and impatient; being unable to sit still for long; having difficulty sustaining attention and completing tasks; talking excessively; being loud and disruptive; and being careless and inattentive to details.   He also reported experiencing problems with depression, worry, and anxiety for as long as he could remember.  Those symptoms were exacerbated when he was in prison, and they continued to the date of the exam as a result of his health problems, inability to function, financial difficulties, and lack of health insurance.  Claimant also reported

> depressed mood, sleep disturbance in the form of initial insomnia, recurrent awakenings, and morbid nightmares, variable appetite, irritability, low frustration tolerance, low energy, chronic fatigue, some loss of pleasure, crying spells, episodic feelings of hopelessness and worthlessness, and low self-esteem.  He denied experiencing suicidal ideation or any intent or desire for self-harm.  He denied experiencing assaultive ideation or any intent to harm others.  He denied experiencing any hallucinations, delusions, or manic episodes.[1]

Finally, claimant reported "anxiety, nervousness, tension, being restless and on edge most of the time, thought ruminations, racing thoughts, and constant worry which he

---

[1] Tr. 341.

cannot control.  He described having some short-term memory difficulties."[2]

Claimant reported having been prescribed Xanax and Adderall in the past, but acknowledged not having taken either of those medications for more than a year prior to the exam.[3]  He told Dr. Storjohann the following with regard to his history of substance abuse:

> Mr. Thompson denied having any history of alcohol abuse.  He stated that he smoked cannabis regularly from the time he was 12 years old until he was 25, but none since.  He stated that he took prescription pain medications for many years beginning when he was 10 or 11 years old.  He denied abusing those pain medications.  He related that he has been out of pain medications since 2006.  He stated that he took prescribed anxiolytic medications for many years, but he denied abusing them.  He denied having any history of abusing other drugs.  He denied having any history of using or abusing cocaine.  He stated that he told the doctors at Brookwood Medical Center he was using cocaine in order to get admitted so that he could undergo detoxification from the prescription pain medications he was taking at that time.  He stated that he underwent drug detoxification at Brookwood Medical Center on several occasions.

Claimant reported driving his wife to work but being unable to do any laundry, yardwork,  or housework, other than preparing simple meals.  He grocery shopped with his wife, who was the only person with whom he spent any time.  He did not have any hobbies and did not exercise.  He spent his time watching television, reading on the internet, and talking on the phone.  His only outside-the-home activity was

---

[2] *Id.*

[3] *Id.*

regularly attending church.[4]

Dr. Storjohann observed that claimant appeared to be in considerable pain and discomfort throughout the examination.  He was impatient, restless, fidgety, and unable to remain seated.  His demeanor was "extremely ill-at-ease, somewhat irritable, and severely dysphoric."[5]  His speech was normal; his mood was "severely depressed, quite anxious, and very tense"; and his affect was restricted.[6]  Claimant was oriented as to person, place, situation, and time.  He could perform simple mathematical calculations, spell "world" backward and forward, and recall five digits forward and 2 digits backward.  His recent and remote memory both were intact, he had an adequate fund of information, and he could identify similarities between paired objects and interpret simple proverbs.  Claimant's thoughts and speech were logical, coherent, and goal-directed, and his thoughts were without loose association or confusion.  He did not exhibit any hallucinations or delusions.  His judgment and insight were grossly intact, and he was considered able to make simple work decisions and manage his own financial affairs.  His level of intellectual functioning was estimated to fall within the average range.

Dr. Storjohann's assessments were major depression, recurrent, severe, without

---

[4] Tr. 342.

[5] *Id.*

[6] *Id.*

psychotic features, chronic; attention-deficit/hyperactivity disorder, in partial

remission; generalized anxiety disorder; and cannabis abuse, sustained full remission.

He also assessed

> [c]hronic pain in lower back & radiating down both legs due to
> herniated disks & degenerative disk disease; history of being run over
> by a car at age 2 years; chronic pain in right knee with history of three
> knee surgeries including total knee reconstruction; hepatitis resulting in
> chronic fatigue & abdominal pain; history of being burned on various
> parts of his body (by patient report).[7]

Claimant's GAF score was 48, indicating serious symptoms.

Dr. Storjohann reported that claimant was cooperative and gave his best effort

during the examination. His prognosis for claimant was as follows:

> The prognosis for significant improvement during the coming 6
> to 12 months is considered to be quite poor given his health problems,
> his chronic and severe pain, and the chronicity and severity of his
> psychiatric difficulties.  He is in need of psychiatric treatment.

> Based on the results of this evaluation, Mr. Thompson appears to
> have moderate deficits in his ability to understand, carry out, and
> remember in a work setting.  He appears to have marked deficits in his
> ability to respond appropriately to supervision, coworkers, and work
> pressures in a work setting.[8]

The ALJ afforded only little weight to Dr. Storjohann's opinion, because there

were "no current treating records or other evidence to support his opinions.  There are

also inconsistencies in Dr. Storjohann's report including the claimant's denial of past

---

[7] Tr. 343 (alteration supplied).

[8] *Id.*

6

Xanax and alcohol dependence and an admission to Brookwood for cocaine detoxification."[9]

Claimant does not address the ALJ's comments about the inconsistencies in Dr. Storjohann's report. Instead, he challenges the ALJ's conclusion on the sole basis that there are medical records documenting claimant's history of depressive and anxiety disorder in 2004, 2008, and 2010.[10] While it is true that claimant has received treatment for depression and anxiety in the past, the mere existence of those conditions does not necessarily mean that claimant is disabled. Instead, the relevant consideration is the effect of claimant's impairment, or combination of impairments, on his ability to perform substantial gainful work activities. *See* 20 C.F.R. § 404.1505 (defining a disability as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months"). *See also Bowen v. Yuckert,* 482 U.S. 137, 146 (1987) ("The [Social Security] Act 'defines "disability" in terms of the effect a physical or mental impairment has on a person's ability to function in the workplace.'") (quoting *Heckler v. Campbell,* 461 U.S. 458, 459-60 (1983)). There is no indication in the record that claimant's depression or anxiety caused significant

---

[9] Tr. 17.

[10] *See* Tr. 266, 308-09, 372-76.

7

*functional* limitations that would prevent him from working on a sustained basis. There also is no indication in the previous medical records that claimant's limitations were as severe as those found by Dr. Storjohann.

## B.   Pain and Credibility

To demonstrate that pain or another subjective symptom renders him disabled, claimant must "produce 'evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such severity that it can be reasonably expected to give rise to the alleged pain.'" *Edwards v. Sullivan*, 937 F. 2d 580, 584 (11th Cir. 1991) (quoting *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986)).  If an ALJ discredits subjective testimony on pain, "he must articulate explicit and adequate reasons."  *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987) (citing *Jones v. Bowen*, 810 F.2d 1001, 1004 (11th Cir. 1986); *MacGregor v. Bowen*, 786 F.2d 1050, 1054 (11th Cir. 1986)).  Furthermore, "[a]fter considering a claimant's complaints of pain, the ALJ may reject them as not creditable, and that determination will be reviewed for substantial evidence." *Marbury v. Sullivan,* 957 F.2d 837, 839 (11th Cir. 1992) (citing *Wilson v. Heckler,* 734 F.2d 513, 517 (11th Cir. 1984)) (alteration supplied).

The ALJ applied that standard in his administrative decision.[11]  He noted that

---

[11] Tr. 21-22.

claimant had medically determinable impairments that could reasonably be expected to cause his alleged symptoms, but he nevertheless concluded that "claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment."[12] Specifically, the ALJ noted that the "longitudinal medical evidence of record does not support the claimant's allegation of disability."[13] Claimant disputes that finding on the basis that the consultative physical report of Dr. Hasmuka Jariwala was consistent with claimant's allegations of pain.

The court disagrees. Dr. Jariwala examined claimant on February 24, 2011. Claimant reported pain and stiffness in his right knee, lower back, and right elbow. X-rays revealed mild osteoarthritis at the L5/S1 vertebrae. Claimant exhibited full range of motion in his right knee, but Dr. Jariwala nonetheless assessed a minimal to mild impairment of the knee because claimant was walking with a limp. Dr. Jariwala did not see any evidence of impairment in the rest of claimant's peripheral joints and lumbosacral spine. Claimant's motor and sensory system and deep tendon reflexes were intact in the upper and lower extremities. Claimant had no muscle spasm, was able to walk on his heels and toes, and was able to squat and arise without difficulty. There were no neurological deficits, and claimant's grip strength was fully intact.

---

[12] *See* Tr. 16.

[13] *Id.*

Claimant had no affected extremity, no joint deformity, and no atrophy.  He retained good dexterity.

Once again, the mere fact that claimant has a history of pain complaints, or that he has mild degenerative disc disease, does not mean that he is disabled.  Dr. Jariwala's clinical examination revealed only very minor functional impairments as a result of claimant's conditions.  The ALJ accommodated the impairments that were noted by adding postural limitations to the residual functional capacity finding due to claimant's right knee problems.

Additionally, substantial evidence supported the ALJ's finding that claimant's subjective testimony was not fully credible.  The ALJ noted that "claimant denied a history of Xanax abuse, but records show drug seeking behavior, and doctor's orders to wean the claimant off the medication."[14]  He also noted that claimant's subjective complaints were not supported by the medical evidence, that claimant continued to work after he allegedly began suffering some of his impairments, and that claimant's complaints were inconsistent with his reported daily activities.[15]  Those conclusions are supported by the record.

## C.   Conclusion and Order

Consistent with the foregoing, the court concludes the ALJ's decision was

---

[14] Tr. 17.

[15] *Id.*

based upon substantial evidence and in accordance with applicable legal standards.

Accordingly, the decision of the Commissioner is AFFIRMED.  Costs are taxed

against claimant.  The Clerk is directed to close this file.

DONE this 24th day of November, 2014.

_____

United States District Judge

11